1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,               )
                                        )
                    Plaintiff,          )          Case No.: 2:16-cr-00137-JAD-GWF
                                        )
vs.                                     )
                                        )          **FINDINGS &**
SHA-RON HAINES,                         )          **RECOMMENDATIONS**
                                        )
                    Defendant.          )
_____)

      This matter is before the Court on Defendant's Motion to Dismiss Indictment for Failure to State Offense (ECF No. 14), filed on November 30, 2016. The Government filed its Response (ECF No. 19) on December 14, 2016. The Court conducted a hearing in this matter on January 6, 2017.

## BACKGROUND

      Defendant is charged in an indictment with assaulting, resisting, and impeding certain officers or employees in violation of 18 U.S.C. § 111(a) and (b) filed on May 10, 2016. ECF No. 1. The indictment alleged that Defendant unlawfully and knowingly assaulted, resisted, opposed, impeded, intimidated, and interfered with and inflicted bodily injury upon a government official while engaged in official duties when he hit Southern Nevada Detention Center Officer "T.M." with a closed fist approximately four times. *See Indictment* (ECF No. 1). Defendant argues that the indictment failed to plead sufficient facts to support a federal offense because Officer "T.M." was an employee of a private business, Corrections Corporation of America ("CCA"), pursuant to a private contract with the federal government. *See Motion to Dismiss*, (ECF No. 14), pg. 2. Defendant therefore requests dismissal of the indictment. The Government argues that the

indictment is sufficient on its face and that Officer T.M. is protected by 18 U.S.C. § 111 because he was acting on behalf of the U.S. Marshals Service pursuant to a federal contract. *See Response* (ECF No. 19), pg. 2-3.

## DISCUSSION

Rule 12 of the Federal Rules of Criminal Procedure governs pleadings and pretrial motions. A criminal defendant may move to dismiss the indictment at any time prior to trial. In deciding a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The court must also accept the facts alleged in the indictment as true. *Id.* The court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986). The court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g. United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004).

Defendant is charged with assaulting, resisting, and impeding certain officers or employees in violation of 18 U.S.C. § 111(a) and (b) which states as follows:

> (a) In general.--Whoever--
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a).

18 U.S.C. § 1114 states as follows:

> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, shall be punished--
> (1) in the case of murder, as provided under section 1111;
> (2) in the case of manslaughter, as provided under section 1112; or
> (3) in the case of attempted murder or manslaughter, as provided in section 1113.

1   18 U.S.C.A. § 1114.

2       18 U.S.C. § 111 protects "both federal officers and federal functions." *United States v.*

3   *Feola*, 420 U.S. 671, 679, 95 S.Ct. 1255, 1261, 43 L.Ed.2d 541 (1975).  Circuit Courts have

4   interpreted the statute to protect private employees assisting a federal agency.  *See United States v.*

5   *Luedtke*, 771 F.3d 453, 455 (8th Cir. 2014) (finding that because the victims were performing

6   federal functions under contract, they qualified as persons assisting federal officers under 18 U.S.C.

7   § 111); *United States v. Jacquez-Beltran*, 326 F.3d 661, 663 (5th Cir. 2003) (upholding district

8   court's jurisdiction and affirming conviction for assault under 18 U.S.C. § 111 of prison guard

9   employed by CCA);  *United States v. Ama*, 97 F. App'x 900, 902 (10th Cir. 2004) (holding that

10  county detention center officer assaulted while awaiting designation to a federal facility was

11  "assisting a federal officer" within meaning of 18 U.S.C. § 111).

12      In *United States v. Murphy*, 35 F.3d 143, 144 (4th Cir. 1994), the defendant was indicted for

13  violation of 18 U.S.C. § 111(a) and (b) for assault with a dangerous weapon upon Deputy Baker, a

14  state employee.  The defendant argued that the state employee was not protected by 18 U.S.C. §

15  111 and moved to dismiss the indictment for lack of jurisdiction.  *Id.*  The Ninth Circuit found that

16  Deputy Baker was aiding USMS in furtherance of its official duties, and was therefore protected by

17  18 U.S.C. § 111 and § 1114.  *Id.*

18      Because Officer TM was a private employee of the CCA, he must have been assaulted

19  "while assisting [a federal] officer or employee in the performance of such duties" to be covered

20  under the statute.  18 U.S.C. § 1114.  The indictment in this case alleges that Defendant

21  "assaulted... and inflicted bodily injury upon a Government Official while engaged in and on

22  account [sic] official duties..."  The indictment alleges that Defendant "hit Southern Nevada

23  Detention Center Officer 'T.M.' with a closed fist in the right jaw, left ear, and face approximately

24  four times."  Even though the indictment does not explicitly state that Officer "T.M." is a person

25  designated in 18 U.S.C. § 1114, the Court must accept the facts alleged in the indictment as true

26  and the indictment clearly alleges that Defendant inflicted bodily injury upon a government official

27  while engaged in official duties.  To the extent that the indictment contains an ambiguity, the

28  government can file a superceding indictment or provide a bill of particulars.  Therefore, dismissal

3

is not warranted.

## CONCLUSION

18 U.S.C. § 111 protects federal officers and employees as well as any person assisting such an officer or employee in the performance of official duties or on account of that assistance. Because the indictment alleges that Defendant assaulted a government official while engaged in and on account of official duties, it is facially valid and does not warrant dismissal.  Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant Sha-ron Haines' Motion to Dismiss Indictment for Failure to State Offense  (ECF No. 14) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of January, 2017.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge

4