UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 2:16-cr-00137-JAD-GWF |
|---|---|
| Plaintiff | |
| v. | **Order Adopting Report and Recommendation and Denying Motion to Dismiss** |
| Sha-ron Haines, | |
| Defendant | [ECF Nos. 14, 24] |

Sha-ron Haines moves to dismiss the indictment charging him with assaulting, resisting, and impeding federal officers or employees in violation of 18 U.S.C. § 111(a) and (b), arguing that the indictment fails to state a federal offense.[1] Magistrate Judge Foley recommends that I deny the motion;[2] Haines objects.[3] Having reviewed the magistrate judge's report and recommendation de novo, I find that the indictment is facially sufficient, so I overrule Haines's objections, adopt the magistrate judge's report and recommendation, and deny the motion to dismiss.

**Discussion**

**A.   Standards of Review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[4] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] When ruling on a pretrial dismissal motion, the district court is bound by the four corners of the indictment

---

[1] ECF No. 1.

[2] ECF No. 24.

[3] ECF No. 27.

[4] 28 U.S.C. § 636(b)(1).

[5] *Id.*

and must accept the allegations in the indictment as true.[6] An indictment is generally sufficient if it sets forth the elements of the offense charged in adequate detail to inform the defendant of the charge and enable him to plead double jeopardy.[7] The Ninth Circuit has repeatedly recognized that an "indictment that sets forth the charged offense in the words of the statute itself is generally sufficient."[8]

**B.    The indictment is sufficient.**

The indictment alleges that Haines violated the statute when he hit Southern Nevada Detention Center (SNDC) Officer "T.M" with a closed fist four times.[9] Haines moves to dismiss the indictment, arguing that it fails to state a federal offense because Officer T.M. is employed by the Corrections Corporation of America ("CCA"), which operates the SNDC under a private contact with the federal government.[10] The government responds that the indictment is sufficient because Officer T.M. is protected by 18 U.S.C. § 111 because he was acting on behalf of the U.S. Marshals Service under a federal contract.[11]

Section 111 protects "any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."[12] The indictment is sufficient because it tracks the language of the statute, and at this juncture, I must accept as true the allegation that

---

[6] *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

[7] *United States v. Award*, 551 F.3d 930, 935 (9th Cir. 2009).

[8] *United States v. Ely*, 142 F.3d 1113, 1120 (9th Cir. 1997) (quoting *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1992)).

[9] Haines was incarcerated at the SNDC while in federal custody to answer charges in another case in this district, case no. 14-cr-00264-APG-VCF.

[10] *See* ECF No. 14 at 2.

[11] ECF No. 19 at 2–3.

[12] 18 U.S.C. § 1114 (emphasis added).

Officer TM was a government official "engaged in and on account [of] official duties" when Haines struck him,[13] though it appears that TM was instead a person assisting the U.S. Marshals Service. Regardless, the indictment is sufficient because it adequately informs Haines of the charge and allows him to plead double jeopardy.[14] To be sufficient, the indictment need not set forth the specific *means* by which Haines violated the statute, i.e., whether he impeded a federal officer or employee or a person assisting a federal officer or employee.

Additionally, even if I were to look beyond the face of the indictment and assess Officer T.M.'s employment status, I would find that a private contract-company employee hired to assist the U.S. Marshals Service qualifies under the statute as a "person assisting [a federal] officer or employee in the performance of" official duties,[15] which Officer T.M. was clearly doing while working at the federal detention center. As the magistrate judge noted, the majority of courts to have confronted this issue have held that the statute protects private employees assisting a federal agency,[16] and Haines fails to cite a single case to the contrary.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **the magistrate judge's report and recommendation [ECF No. 24] is ADOPTED, and Haines's motion to dismiss [ECF No. 14] is DENIED.**

Dated this 8th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judg

---

[13] ECF No. 1 at 1–2.

[14] *Award*, 551 F.3d at 935.

[15] 18 U.S.C. § 1114.

[16] ECF No. 24 at 3 (collecting cases); *see also United States v. Matthews*, 106 F.3d 1092 (2d Cir. 1997); *United States v. Gaither*, 533 F.Supp.2d 540 (W.D. Pa. 2008).